IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OCT 15 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Michael Charles Wainwright, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:08cv1342 (CMH/TRJ) |
| ) | |
| Gene Johnson, ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Michael Charles Wainwright, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of carjacking, abduction and other offenses entered on pleas of guilty and no contest in the Circuit Court for Pittsylvania County, Virginia. On April 24, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer with a supporting memorandum and exhibits. Wainwright was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted not to file a response. For the reasons that follow, Wainwright's claims must be dismissed.

I.

On March 29, 2005, Wainwright entered pleas of guilty and no contest to charges of misdemeanor sexual battery, unlawful possession of a firearm, felony eluding police, robbery, grand larceny, malicious bodily injury, carjacking, abduction, and attempted capital murder in the Circuit Court for Pittsylvania County. Commonwealth v. Wainwright, Case Nos. CR04000964, CR04000966 - CR04000969, and CR04000971. On June 9, 2005, Wainwright received an aggregate sentence of life plus 81 years and 12 months, with 71 years suspended. Resp. Ex. A.

After obtaining a writ of habeas corpus and leave to file a belated notice of appeal, Resp. Ex. B - D, Wainwright pursued a direct appeal to the Court of Appeals of Virginia, arguing that: (1) the evidence was insufficient to support his convictions for carjacking, eluding and attempted capital murder, and (2) the trial court abused its discretion by imposing an excessive sentence. The Court of Appeals denied the petition for appeal on May 2, 2007, finding the claims raised to be "wholly frivolous." Wainwright v. Commonwealth, R. No. 2212-06-3 (Va. Ct. App. May 2, 2007); Resp. Ex. E. Wainwright did not pursue further direct review.

On May 21, 2007, Wainwright filed a habeas corpus application in the Virginia Supreme Court, contending that:

1. He was denied the effective assistance of counsel where his attorney provided misadvice to induce his guilty plea.

2. Counsel withheld material, exculpatory evidence to induce his guilty plea.

Resp. Ex. F. On December 18, 2007, the Virginia Supreme Court dismissed the petition after concluding that both of Wainwright's allegations were without merit. Wainwright v. Dir., Dep't of Corrections, R. No. 071071 (Va. Dec. 18, 2007); Resp. Ex. H. On December 8, 2008, Wainwright filed the instant federal habeas petition,[1] reiterating the same two claims he argued to the Virginia Supreme Court. On April 24, 2009, respondent filed a Rule 5 Answer and a Motion to Dismiss Wainwright's claims. Wainwright has filed no reply. Based on the pleadings and record before this

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when a prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Wainwright certified that he placed his federal petition into the prison mailing system on December 8, 2008. Pet. at 15.

Court, it is uncontested that Wainwright exhausted his claims as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review on the merits.

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that

---

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III.

In both of his claims before this Court, Wainwright argues that he received ineffective assistance of counsel in connection with his guilty plea. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of

attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In his first claim, Wainwright argues that counsel rendered ineffective assistance by providing him with "misadvice" in order to induce him to plead guilty. Specifically, Wainwright asserts that counsel told him that she anticipated that the court "most likely" would sentence Wainwright within the guidelines. Pet. at 18. When Wainwright made this same claim in his state habeas corpus proceeding, the Virginia Supreme Court found it to be without merit, as follows:

> In claim (a), petitioner alleges he was denied the effective assistance

5

of counsel because his trial counsel gave him 'misadvice' to induce his guilty plea. Petitioner contends his counsel told him she did not think the trial judge would sentence him outside of the sentencing guidelines, which called for a sentence of seven years and six months to nineteen years and eight months. He argues that, but for this advice from counsel, he would have exercised his right to be tried by a jury.

The Court holds that claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcripts, the affidavit of counsel, and the petition for writ of habeas corpus, demonstrates that petitioner knew he faced multiple life sentences and had been advised that he could expect to receive at least a 20-year active sentence. Petitioner informed the court that he had not been made any promises regarding his sentence and that he understood the court was not bound by the sentencing guidelines. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and that the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Wainwright v. Dir., slip op. at 1 - 2.

Review of the record before this Court reveals that the foregoing determination was factually reasonable and plainly belies Wainwright's contention that counsel's representation with respect to the sentencing component of the plea agreement was deficient. In response to questioning by the court at the plea colloquy, Wainwright acknowledged his understanding that the maximum penalty he faced for his crimes was four life terms plus fifty years plus twelve months, and he stated that he had reviewed with counsel the applicable sentencing guidelines as to the charges and understood that the court was not required to follow the sentencing guidelines. Tr. Mar. 9, 2005 at 12 - 13. Wainwright further professed that he was "entirely satisfied" with the services of his attorney. Id. at 12. Moreover, the state habeas court was provided with an affidavit of Wainwright's counsel, Jane A. Fletcher, Esquire, in which counsel attested that she told Wainwright "that [she] was sure

he would be looking at 20 years at least" as his sentence. Wainwright v. Dir., Resp. Motion to Dismiss, Ex.C at 4. Under these circumstances, the Virginia Supreme Court's rejection of Wainwright's first claim was neither contrary to nor an unreasonable application of the applicable federal law upon which it expressly relied, Strickland, supra, so the same result must pertain here. Williams, 529 U.S. at 412-13.

In his second claim, Wainwright asserts that he received ineffective assistance of counsel because his attorney withheld exculpatory evidence to induce him to enter his guilty plea. The Virginia Supreme Court rejected this contention on the following holding:

> In claim (b), petitioner alleges he was denied the effective assistance of counsel because his counsel withheld facts which petitioner contends were exculpatory in order to induce petitioner to enter a guilty plea. Petitioner alleges counsel did not show petitioner the victim's statement to police and did not inform petitioner that the certificate of analysis demonstrated that his fingerprints were not found on the evidence. Petitioner states he became aware of this information after his trial. In addition, petitioner contends that the victim never positively identified him as the culprit.
>
> The Court holds that claim (b) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner does not identify the allegedly exculpatory statements made by the victim to police. The record, including the statement to police and the victim's testimony, demonstrates that the victim was familiar with petitioner and positively identified him as the perpetrator. Furthermore, the certificate of analysis demonstrates that the submitted evidence contained no latent prints and that, therefore, no comparison was made with petitioner's prints. As petitioner's identity was not at issue, petitioner cannot demonstrate how this information would have had any bearing on his decision to plead guilty. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceeding would have been different. Hill, 474 U.S. at 59.

Wainwright v. Dir., slip op. at 2 - 3.

Again, review of the record before this Court reveals that the foregoing determination was reasonable. As the Court found, Wainwright makes no showing that counsel's performance was deficient, because he fails to explain how the allegedly withheld evidence was exculpatory. As the state court explained, Wainwright's identity as the perpetrator was not at issue in the case, because the victim was familiar with him and positively identified him as her assailant, and because the certificate of analysis showed that there were no latent prints on any evidence to compare to those of Wainwright. Thus, Wainwright fails to demonstrate that counsel's alleged withholding of that evidence was "outside the range of professionally competent assistance," Strickland, 466 U.S. at 690, and the "performance" prong of the applicable inquiry is not met.

Moreover, Wainwright also fails to demonstrate that he suffered prejudice as the result of counsel's asserted shortcoming. The victim testified at the change of plea proceeding that she had hired Wainwright to build shelves in her attic. When she went to check on his progress, Wainwright put a rope around her neck, hit her in the head with his hammer, bound her hands and feet, and carried her to a bedroom. There, Wainwright forced the victim to write him a check for $400, fondled her, gagged her, put her in a closet and nailed the door shut. Wainwright took the victim's purse and car as he left the premises. Eventually, Wainwright wrecked and abandoned the car, and when he was apprehended three days later, he made "pretty much a full confession to most of the offenses" to the police. Tr. Mar. 9, 2005 at 20 - 29, 35.

Although Wainwright now alleges that he would not have pleaded guilty and would have opted to go to trial had he known of the victim's statement to the police and the certificate of analysis, the test for such an assertion is an objective one. Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). Thus, a petitioner's after-the-fact claim that he would

have chosen to go to trial but for some alleged error by counsel "must be evaluated in the light of the circumstances the defendant would have faced at the time of his decision." Id. Here, at the time of his decision, Wainwright faced overwhelming inculpatory evidence, including his positive identification by the victim and his own confession to the police, while the evidence which he now characterizes as exculpatory would have been of marginal, if any, value to his defense. Under these circumstances, no reasonable defendant would have insisted on proceeding to a trial where he faced the possibility of four life sentences, so Wainwright's second claim also fails to satisfy the prejudice prong of the Strickland test. Thus, the state court's finding that Wainwright's second claim was without merit was both factually reasonable and in accord with these applicable federal principles, and relief on that claim must be denied here as well. Williams, 529 U.S. at 412-13.

## IV.

For the foregoing reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 15th day of October 2009.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia